IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PENG VANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-CV-01309-DGK |
| | ) |
| MID-CENTURY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO REMAND

This case arises from a fire which Plaintiff claims caused damage to his property. Now pending before the Court is Plaintiff's Motion to Remand (Doc. 9) and Defendant's Opposition (Doc. 10). Plaintiff argues that Defendant's removal of this action pursuant to the Court's diversity jurisdiction is inappropriate because the amount in dispute does not exceed $75,000. Having fully reviewed the parties' arguments, Plaintiffs' motion is DENIED.

**Background**

On January 13, 2012, a fire damaged Plaintiff's property located at 5427 Myrtle Avenue, Kansas City, Missouri. Plaintiff subsequently filed a claim pursuant to his insurance contract with Defendant Mid-Century Insurance Company. Defendant denied the claim. On September 12, 2012 Plaintiff filed his Petition in the Circuit Court of Jackson Count, Missouri alleging breach of contract and vexatious refusal to pay in violation of RSMo § 375.296 and § 375.420. On October 26, 2012, Defendant removed the action to this court based on diversity jurisdiction. Plaintiff now moves to remand the case back to state court.

**Standard**

A defendant may remove an action where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

To invoke original diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Jurisdiction is determined based upon the allegations set forth in the complaint at the time the petition for removal is filed. *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). Where the amount in controversy requirement is in dispute, the removing party bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

**Discussion**

Complete diversity of citizenship is uncontroverted in the present case. The parties, however, dispute whether the amount in controversy requirement is satisfied.

The amount a plaintiff seeks in damages is usually determinative of the amount in dispute, although it is not necessarily dispositive. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997) (observing that a court "is not free to disbelieve plaintiff's valuation of her case").

2

In the present case, Plaintiff seeks the following damages: (1) $50,000 for dwelling loss, pursuant to policy limit in the insurance contract; (2) $5,000 for structural loss on the premises; (3) $2,500 for personal property loss; (4) lost rent for business use of the premise; (5) loss for debris removal; and (6) damages pursuant to RSMo § 375.296 and § 375.420, including, but not limited to, 20% of the first $1,500 and 10% of any amount of loss in excess of $1,500, together with reasonable attorney's fees (Doc. 1-1, at 4).

To determine the amount in controversy for purposes of diversity jurisdiction, the Court considers the damages alleged from Plaintiff's breach of contract claim along with the statutory penalties sought on Plaintiff's vexatious refusal to pay claim. "Although attorney fees are not generally includable in the jurisdictional amount, an exception is made when a statute authorizes the granting of same." *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 539 n.8 (8th Cir. 1970); *see also Capitol Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992).

Here, the amount of Plaintiff's explicit monetary request equals $63,400.[1] However, this does not include Plaintiff's request for lost rent for business use of the premise, loss for debris removal, or reasonable attorney's fees. While Plaintiff does not specify an amount for these requests, statutory attorney's fees alone are likely to be more than $11,601. *See Young v. State Farm Fire & Cas. Co.*, No. 4:08CV1891MLM, 2010 WL 173832, at *2 (E.D. Mo. Jan. 15, 2010) (holding that in calculating the amount in controversy requirement, it is reasonable for a court to estimate that attorney's fees will be based upon a 25% contingency fee); *Osia v. Mid–Century Ins. Co.,* No. 4:06CV658 CAS, 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006).

---

[1] Plaintiff seeks $50,000 for dwelling loss, $5,000 for other structural damage, $2,500 for personal property loss, and statutory penalties equaling 20% of the first $1,500 ($300) and 10% of the amount of loss in excess of $1,500 ($5,600), for a total of $63,400.

Accordingly, the Court finds that Defendant has met its burden of establishing by a preponderance of the evidence that the jurisdictional amount exceeds $75,000. Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Date:   February 20, 2013                    /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT